UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELLISA KRIEGSMANN,

        Plaintiff,

v.

THE ART OF DERMATOLOGY, PLLC,

        Defendant.

Case No. 23-11280
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 26, 2024 OPINION AND ORDER (ECF NO. 31)**

Plaintiff Mellisa Kriegsmann moves the Court to reconsider its August 26, 2024 opinion and order (ECF No. 30) (the "Opinion") granting defendant Capital One Bank (USA), N.A.'s ("Capital One") motion to dismiss (ECF No. 17) and granting in part and denying in part Kriegsmann's motion for leave to file an amended complaint (ECF No. 24). ECF No. 31. Kriegsmann asks the Court to reconsider its denial of her motion to amend as to Capital One. For the following reasons, the Court denies Kriegsmann's request.

Kriegsmann brings her motion under Local Rule 7.1(h).[1] Under that rule, the Court will not grant motions for reconsideration of non-final orders, unless there was "a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."

A motion for reconsideration is not a proper means "to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

---

[1] Kriegsmann also invokes Federal Rule of Civil Procedure 60(b), which provides relief from a "final" judgment or order. Because the Opinion did not dismiss all defendants and end the case, Rule 60(b) is inapposite. *Klyce v. Ramirez*, 852 F.2d 568 (6th Cir. 1988) ("An order dismissing fewer than all of the defendants from an action is not a final appealable order unless the district court directed entry of final judgment against those defendants pursuant to Fed. R. Civ. P. 54(b)."); *Blackwell v. Nocerini*, 123 F.4th 479, 485 (6th Cir. 2024) ("[P]arties in the Eastern District of Michigan may file motions for reconsideration [under Local Rule 7.1(h)] only of 'non-final orders' that do not terminate a case.").

Kriegsmann argues that the Court made a mistake in denying her motion to amend as to Capital One. According to Kriegsmann, the Court's determination that the proposed amendments as to Capital One were futile overlooked her purportedly proposed amended claim that Capital One violated the Truth in Lending Act (TILA), 15 U.S.C. § 1643.

Kriegsmann's argument for reconsideration improperly raises a new legal claim. In this motion, Kriegsmann asserts for the first time that the proposed amended complaint included a claim that Capital One imposed liability on her for an unauthorized charge in violation of TILA, 15 U.S.C. § 1643. But in Kriegsmann's motion to amend, she did not mention this TILA claim and stated only that her proposed amendments "address[ed] the issues raised by Capital One in its motion to dismiss" and "generally provide[ed] more detailed allegations regarding her [original] claims." ECF No. 24, PageID.169. Further, the Court's review of the briefing on the motion to amend shows that Kriegsmann's sole legal theory as to Capital One was that Capital One failed to conduct a reasonable investigation of a billing error in violation of the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666. Contrary to her contention here, Kriegsmann never suggested that the proposed amended complaint asserted a claim that Capital One violated 15 U.S.C. § 1643.

Moreover, without a direct reference or a suggestion of an unauthorized-use claim, the proposed amended complaint failed to provide fair notice to Capital One that it asserted a distinct claim based on a violation of TILA, 15 U.S.C. § 1643. Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require detailed factual allegations, it imposes an obligation on the plaintiff to provide the defendant with "fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted).

Here, the proposed amended complaint asserted only that "Capital One is liable for failing to perform a reasonable investigation of Plaintiff's 'billing dispute' in violation of the FCBA." ECF No. 24-1, PageID.174. Nowhere did it claim that Capital One imposed liability for an unauthorized charge in violation of TILA, 15 U.S.C. § 1643. Indeed, such a claim would require certain allegations that Kreigsmann's proposed amended complaint lacked. *See Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 442 (3d Cir. 2018) (holding complaint stated an unauthorized-use claim under 15 U.S.C. § 1643 because the plaintiff "alleged that [the defendant] caused him actual

damages by violating a requirement of § 1643, and he invoked § 1640, which authorizes him to sue on that claim").

In reality, Kreigsmann's motion for reconsideration is a prohibited attempt to raise a new claim. See *Nykoriak v. City of Hamtramck*, 2016 WL 1637562, at *1 (E.D. Mich. Apr. 26, 2016) (citing *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014)) (precluding a plaintiff from raising a new claim through a motion for reconsideration). Because the proposed amended complaint asserted no new claim against Capital One, the Court did not err in deeming the amendments as to Capital One futile and thereby denying Kriegsmann's motion to amend.

Accordingly,

The Court **DENIES** Kriegsmann's motion for reconsideration (ECF No. 31).

Dated: February 12, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge